**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Rodrigo Omar Paez-Quintero,<br><br>　　　　　Defendant. | No. CR-19-02042-001-TUC-JAS (MSA)<br><br>**ORDER** |

Pending before the Court is Defendant Rodrigo Omar Paez-Quintero's motion to be removed from administrative segregation. The Government did not file a response within the 14-day deadline, so Defendant's motion is unopposed. Nevertheless, for the following reasons, the motion will be denied.[1]

Absent a constitutional violation, federal courts should not interfere with matters of prison and jail administration. *See Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (stating that restrictions on pretrial confinement are permitted so long as they "do not amount to punishment, or otherwise violate the Constitution"). Rather, courts "defer to the judgment of corrections authorities, particularly with regard to matters of security, because . . . running a prison or jail is an inordinately difficult undertaking with which prison or jail authorities have particular expertise." *Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) (internal quotation marks and brackets omitted) (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)). Here, when the Government did not respond, the Court's staff

---
[1] Defense counsel requested oral argument on the motion. The Court finds that further argument is unnecessary.

contacted the facility where Defendant is housed. The Security Threat Group Coordinator confirmed that Defendant's restrictive housing is the result of a security concern—i.e., Defendant's safety. This judgment is based on the information available to the jail administrators as well as on their experience. The Court will not interfere with it absent a showing that Defendant's constitutional rights are being violated.

Defendant has not made that showing here. He suggests that his housing is punitive and therefore a violation of due process. *See Bell*, 441 U.S. at 535 (holding that conditions of pretrial detention violate due process only if they are punitive). However, when "a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. "[M]aintaining institutional security"—which includes "tak[ing] appropriate action to ensure the safety of inmates"—is a legitimate governmental objective. *Id.* at 540, 546–47. Defendant's housing is directly related to that security objective, so it is not punitive. Furthermore, according to defense counsel, Defendant's security designation is reviewed on a weekly basis. That will ensure that Defendant does not languish in administrative segregation unnecessarily.

Defendant also suggests that any concern for his safety is unfounded, as he spent time in a Mexican prison without incident and has not received any specific threats of harm here. This reasoning ignores the jail administrators' experience with inmates who may be more susceptible to harm. *See Mangiaracina*, 849 F.3d at 1197 (stating that courts should defer to jail administrators' expertise, "particularly with regard to matters of security"). It is not persuasive.

\* \* \*

**IT IS ORDERED** that Defendant's motion to be removed from administrative segregation (Doc. 89) is **denied**.

Dated this 20th day of September, 2024.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge